## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

v.    Criminal Case No. 09-50033-001

**ISMAEL GARDUNO-TREJO**                                              **DEFENDANT**

### O R D E R

Now on this 13th day of December, 2013, come on for consideration defendant's **Motion For Resentencing** ("Motion")(document #35); the **Magistrate Judge's Report And Recommendation** ("R&R") (document #41); and **Defendant's Objections To The Magistrate Judge's Report And Recommendations** (document #42), and the Court, being well and sufficiently advised, finds and orders as follows:

1.   Defendant Ismael Garduno-Trejo pled guilty to one count of distributing methamphetamine, in violation of **21 U.S.C. § 841**, and was sentenced to 135 months incarceration, $15,000 fine, $100 special assessment, and five years supervised release.

Garduno appealed his sentence, which was affirmed. **U.S. v. Garduno-Trejo**, 395 Fed. Appx. 321 (8th Cir. 2010).

2.   Garduno now moves for resentencing, contending that the Court erred in the following ways:

\*   adding one point to his criminal history for a criminal sentence which was not a term of imprisonment;

\*   adding two points for a criminal sentence that was

subsequently dismissed by the Arkansas Court of Appeals; and

* adding two points for being "under a criminal justice sentence at the time of the instant offense."

Garduno contends that if these points had not been included in the criminal history calculation, his criminal history points would have been 0, and he would have been eligible for the safety valve. He moves the Court to resentence him accordingly.

3. Although Garduno did not assert that his claim for relief arose under **28 U.S.C. § 2255**, the R&R's first point is that the Motion is a request for relief under that statute. As such, it is subject to a one-year statute of limitations which had expired long before the petition was filed. The Magistrate Judge found no basis to grant Garduno's request for equitable tolling, stating that "it appears defense counsel simply made an innocent mistake in not realizing the appropriate avenue of relief for seeking resentencing and in misadvising the Defendant that there was not a deadline for seeking such relief."

4. Garduno does not mount a specific objection to this finding, simply incorporating by reference his arguments made before the R&R was issued. Those arguments rely heavily on **Holland v. Florida, 549 U.S. 327 (2010)** and **U.S. v. Martin, 408 F.3d 1089 (8th Cir. 2005),** and are tied to the following factual explanation for the delay in filing:

> In determining what extraordinary facts give rise to the untimely filing, Mr. Garduno's counsel,

>erroneously believed and maintained that there was no
>deadline in which to file the Motion for Resentencing,
>and in fact, did not even know the statutory provision
>under which to file the Motion. Counsel was very
>diligent on Garduno's behalf by filing timely appeals,
>having additional counsel appointed to pursue the
>federal appeal; however counsel repeatedly informed
>Garduno that due to the fact he was going to be
>incarcerated for a number of years, and the fact there
>was no provision under which to request the relief he
>sought, time was not an issue. Counsel informed Garduno
>that an illegal sentence may be attacked at any time.
>Garduno had no reason not to believe this
>misrepresentation, relied upon this misinformation, and
>has been prejudiced greatly by losing his only chance to
>attack this sentencing error.

Defendant's Reply Brief (document #40, p.3).

This explanation does not bring Garduno's situation into line with either **Holland** or **Martin**, as it consists of nothing more than an admission of garden-variety negligence on the part of Garduno' counsel.

5. In **Holland** the Supreme Court held that equitable tolling could apply to habeas petitions, but recognized its previous holdings to the effect that garden variety claims of negligence such as a miscalculation that leads a lawyer to miss a filing deadline do not warrant equitable tolling. The lower court was reversed based on (a) fairly egregious attorney misconduct (Holland's attorney not only failed to do the necessary research and file Holland's habeas petition on time, but also failed to inform Holland of crucial facts in the progress of his case and failed to communicate with him "over a period years, despite various pleas from Holland") and (b) Holland's own diligence in

attempting to get his habeas petition timely filed.

More recently, in **Maples v. Thomas, 132 S.Ct. 912, 923 (2012),** the Supreme Court reviewed its decision in **Holland** and re-emphasized that simple attorney negligence will not trigger equitable tolling:

> . . . miscalculating a filing deadline, does not provide a basis for tolling a statutory time limit. . . . The Holland petitioner, however, urged that attorney negligence was not the gravamen of his complaint. Rather he asserted that his lawyer had detached himself from any trust relationship with his client. . . .
>
>     \*    \*    \*
>
> In a concurring opinion in Holland, Justice ALITO homed in on the essential difference between a claim of attorney error, however egregious, and a claim that an attorney had essentially abandoned his client. . . .If true, Justice ALITO explained, "petitioner's allegations would suffice to establish extraordinary circumstances beyond his control[:] Common sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word."
>
> We agree that, under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him.

The scenario described in Defendant's Reply Brief does not in any respect suggest abandonment. Garduno's counsel asserts that she was "very diligent on Garduno's behalf by filing timely appeals," and only delayed filing his habeas petition because "he was going to be incarcerated for a number of years" and she knew of no statute of limitations that would bar habeas relief. For these reasons, the matter does not fall within the rule of

**Holland**, as clarified in **Maples**.

6.  Garduno's contentions fare no better under **Martin**. The Eighth Circuit there allowed equitable tolling in the face of multiple misrepresentations by Martin's attorney, but these were misrepresentations in the sense of deliberate falsehoods, not misrepresentations in the sense the word is used in Defendant's Reply Brief, where it is synonymous with "incorrect information." Garduno does not suggest that his attorney deliberately misrepresented anything to him by giving him information she knew to be false.

7.  Garduno also states that "he is in the process of obtaining new counsel to review this matter and be available for the de novo review performed by the District Court, and makes the Court aware that he will need some time to do so." This is not a sufficient objection to the R&R. If Garduno needed more time to lodge objections to the R&R, the proper way to request it was by filing a motion for an extension of time to file objections. This was not done, nor has any attorney appeared on behalf of Garduno, although it has been almost ten weeks since the R&R was entered.

8.  Because Garduno has failed to show any way in which the R&R is incorrect in its finding that the statute of limitations had expired before his Motion was filed, or any way in which equitable tolling could be applied, his objections on this issue are overruled. Garduno's Motion for relief pursuant to **§ 2255** is

time-barred.  That being the case, the Court need not review Garduno's other objections, as his claim is subject to dismissal even if those objections have merit.

**IT IS THEREFORE ORDERED** that **Defendant's Objections To The Magistrate Judge's Report And Recommendations** (document #42) are **overruled**.

**IT IS FURTHER ORDERED** that the **Magistrate Judge's Report And Recommendation** (document #41) is **adopted**.

**IT IS FURTHER ORDERED** that defendant's **Motion For Resentencing** (document #35) is **denied**.

**IT IS SO ORDERED.**

     /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**